# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOB BEJARANO, | No.  1:23-cv-01222-JLT-FRS (BAM) (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM, FAILURE TO OBEY COURT ORDER, AND FAILURE TO PROSECUTE |
| v. | |
| NAVARETTE, et al., | |
| Defendants. | (ECF No. 13) |
| | **FOURTEEN (14) DAY DEADLINE** |

## I.     <u>Background</u>

Plaintiff Bob Bejarano ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983.

On January 20, 2026, the Court screened the complaint and found that it failed to state a cognizable claim for relief.  (ECF No. 13.)  The Court issued an order granting Plaintiff leave to file a first amended complaint or a notice of voluntary dismissal within thirty (30) days.  (*Id.*)  The Court expressly warned Plaintiff that the failure to comply with the Court's order would result in a recommendation for dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.  (*Id.*)  Plaintiff failed to file an amended complaint or otherwise communicate with the Court, and the deadline to do so has expired.

///

1

## II.     Failure to State a Claim

### A.     Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

### B.     Plaintiff's Allegations

Plaintiff is currently housed at California State Prison – Los Angeles County in Lancaster, California.  The events in the complaint are alleged to have occurred while Plaintiff was housed at the California Substance Abuse Treatment Facility ("CSATF") in Corcoran, California.  Plaintiff names as defendants: (1) Navarette, Lieutenant, CSATF; and (2) H. Moseley, Associate Director, Office of Appeals.

///

///

Plaintiff alleges as follows:

On or about August 18, 2022, Plaintiff's prospective visitor Isabel Morales signed and sent her visiting questionnaire.  On or about October 14, 2022, the visiting questionnaire was processed and improperly denied by Defendant Lt. Navarette.  On or about March 28, 2023, another visiting questionnaire was sent and processed on April 20, 2023 and Plaintiff's prospective visitor was improperly disapproved by Defendant Navarette.

On or about December 20, 2022, Plaintiff submitted his dissatisfaction to the Office of Appeals.  On or about February 27, 2023, the Office of Appeals did not provide Plaintiff with a response and time expired.  On or about March 1, 2023, Plaintiff submitted his dissatisfaction to the Office of Appeals.  On or about May 29, 2023, the Office of Appeals denied Plaintiff's Grievance.

Plaintiff asserts that Defendant Navarette improperly and incorrectly disapproved Plaintiff's prospective visitor without any evidence or documentation, violating Title 15 § 3172.1(c)(2) and Plaintiff's First Amendment right under the family relationship clause. Defendant H. Moseley improperly and incorrectly cited a different section to disapprove Plaintiff's prospective visitor in violation of §§ 3172.1(c)(2), 3172.1(b)(2), and 3179 of Title 15, in violation of Plaintiff's First Amendment right under the family relationship clause.

Plaintiff seeks for his visiting rights to be returned to normal, monetary damages, and unspecified injunctive and declaratory relief.

**C.    Discussion**

Plaintiff's complaint fails to state a cognizable claim under 42 U.S.C. § 1983.

        1.    <u>First Amendment</u>

        a.    *Family Visitation*

Prisoners do not have a recognized constitutional right to family visitation.  In *Overton v. Bazzetta*, the Supreme Court considered whether various prison regulations restricting family visitation violated the prisoners' First, Eighth, or Fourteenth Amendment rights.  The court acknowledged that "outside the prison context, there is some discussion in our cases of a right to maintain certain familial relationships, including association among members of an immediate

3

family and association between grandchildren and grandparents." 539 U.S. 126, 131 (2003). Within the prison context, however, "[a]n inmate does not retain rights inconsistent with proper incarceration . . . [and] freedom of association is among the rights least compatible with incarceration." *Id.* (*citing*, *inter alia*, *Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 125 (1977)). The Supreme Court declined to "explore or define the asserted right of association at any length or determine the extent to which it survives incarceration." *Id.* at 132. Moreover, the court rejected the prisoners' challenge to a regulation excluding minor nieces and nephews from visitation, finding (inter alia) that the regulation was rationally related to valid penological interests of maintaining internal security and protecting minor children from harm. *Id.* at 133.

Similarly, the Ninth Circuit has "declined to recognize a prisoner's constitutional right to receive visits." *Dunn v. Castro*, 621 F.3d 1196, 1202 (9th Cir. 2010) (summarizing cases). And in *Keenan v. Hall*, the Ninth Circuit rejected a claim by an inmate challenging the denial of visits from persons other than his immediate family. 83 F.3d 1083, 1092 (9th Cir. 1996), *opinion amended on denial of reh'g*, 135 F.3d 1318 (9th Cir. 1998). As the court reasoned, "there is no constitutional right to "access to a particular visitor." *Id.* (quoting *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 461 (1989)).

Plaintiff does not specify the familial relationship of prospective visitor Isabel Morales to Plaintiff, if any exists, or if any other individuals aside from Ms. Morales applied to visit Plaintiff. Plaintiff also does not state what reason was provided for the disapproval of Ms. Morales or any other prospective visitor. As currently pled, Plaintiff fails to state a cognizable claim to relief related to the disapproval of his prospective visitors.

b.    *Grievance Process*

Plaintiff alleges that Defendant Moseley improperly cited to a different section to disapprove his prospective visitor, apparently in response to Plaintiff's grievance. Plaintiff cannot pursue any claims against prison staff based solely on the processing and review of his inmate appeals. Plaintiff does not have a constitutionally protected right to have his appeals accepted or processed. *Ramirez v. Galaza,* 334 F.3d 850, 860 (9th Cir.2003); *Mann v. Adams,*

4

855 F.2d 639, 640 (9th Cir.19 88).  The prison grievance procedure does not confer any substantive rights upon inmates and actions in reviewing appeals cannot serve as a basis for liability under section 1983.  *Buckley v. Barlow,* 997 F.2d 494, 495 (8th Cir.1993); *see also Wright v. Shannon,* No. 1:05-cv-01485-LJO-YNP PC, 2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment).  Denial or refusal to process a prison grievance is not a constitutional violation.  *Rushdan v. Gear,* No. 1:16-cv-01017-BAM (PC), 2018 WL 2229259, at *6 (E.D. Cal. May 16, 2018).  Accordingly, Plaintiff fails to state a cognizable claim arising out of the screening or processing of his grievances or complaints.

### 2.    Prison Regulations

To the extent that any Defendant has not complied with applicable state statutes or prison regulations, these deprivations do not support a claim under § 1983.  Section 1983 only provides a cause of action for the deprivation of federally protected rights.  *See, e.g.*, *Nible v. Fink*, 828 Fed. Appx. 463 (9th Cir. 2020) (violations of Title 15 of the California Code of Regulations do not create private right of action); *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir. 2009) (section 1983 claims must be premised on violation of federal constitutional right); *Prock v. Warden*, No. 1:13-cv-01572-MJS (PC), 2013 WL 5553349, at *11–12 (E.D. Cal. Oct. 8, 2013) (noting that several district courts have found no implied private right of action under title 15 and stating that "no § 1983 claim arises for [violations of title 15] even if they occurred."); *Parra v. Hernandez*, No. 08cv0191-H (CAB), 2009 WL 3818376, at *3 (S.D. Cal. Nov. 13, 2009) (granting motion to dismiss prisoner's claims brought pursuant to Title 15 of the California Code of Regulations); *Chappell v. Newbarth*, No. 1:06-cv-01378-OWW-WMW (PC), 2009 WL 1211372, at *9 (E.D. Cal. May 1, 2009) (holding that there is no private right of action under Title 15 of the California Code of Regulations) ; *Tirado v. Santiago*, No. 1:22-CV-00724 BAM PC, 2022 WL 4586294, at *5 (E.D. Cal. Sept. 29, 2022), report and recommendation adopted, No. 1:22-CV-00724 JLT BAM PC, 2022 WL 16748838 (E.D. Cal. Nov. 7, 2022) (same).

///

///

### 3.    Declaratory Relief

To the extent Plaintiff's complaint seeks a declaratory judgment, it is unnecessary.  "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest."  *Eccles v. Peoples Bank of Lakewood Village*, 333 U.S. 426, 431 (1948).  "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties."  *United States v. Washington*, 759 F.2d 1353, 1357 (9th Cir. 1985).  If this action reaches trial and the jury returns a verdict in favor of Plaintiff, then that verdict will be a finding that Plaintiff's constitutional rights were violated.  Accordingly, a declaration that any defendant violated Plaintiff's rights is unnecessary.

### 4.    Injunctive Relief

Insofar as Plaintiff seeks injunctive relief, any such request is now moot.  Plaintiff is no longer housed at CSATF, where he alleges the incidents at issue occurred.  Therefore, any injunctive relief he seeks against the officials at CSATF is moot.  *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007) (prisoner's claims for injunctive relief generally become moot upon transfer) (citing *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam) (holding claims for injunctive relief "relating to [a prison's] policies are moot" when the prisoner has been moved and "he has demonstrated no reasonable expectation of returning to [the prison]")).

## III.    Failure to Prosecute and Failure to Obey a Court Order

### A.    Legal Standard

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal."  *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action,

6

failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

### B.    Discussion

Here, Plaintiff's first amended complaint is overdue, and he has failed to comply with the Court's order. The Court cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424. The Court's January 20, 2026 screening order expressly warned Plaintiff that his failure to file an amended complaint would result in a recommendation of dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim. (ECF No. 13.) Thus, Plaintiff had adequate warning that dismissal

could result from his noncompliance.

Additionally, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources.  As Plaintiff is proceeding in forma pauperis in this action, it appears that monetary sanctions will be of little use and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

**IV.      Conclusion and Recommendation**

Accordingly, the Court finds that dismissal is the appropriate sanction and HEREBY RECOMMENDS that this action be dismissed, with prejudice, for failure to state a claim pursuant to 28 U.S.C. § 1915A, for failure to obey a court order, and for Plaintiff's failure to prosecute this action.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendation, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  **Objections, if any, shall not exceed fifteen (15) pages or include exhibits.  Exhibits may be referenced by document and page number if already in the record before the Court.  Any pages filed in excess of the 15-page limit may not be considered.**  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:     **March 9, 2026**            /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE